# ORIGINAL

FILED
U.S. DISTRICT COURT
[?] GEORGIA

02 OCT 31 AM 10: 11

*Causton*

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SCOTT LEWIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action File No. |
| | * | |
| DEPARTMENT OF TRANSPORTATION | * | |
| FOR THE STATE OF GEORGIA, J.TOM | * | **5:02-cv-0399-1** |
| COLEMAN, JR., individually and | * | |
| in his official capacity as | * | _____ |
| Commissioner of the Department | * | |
| of Transportation for the State | * | |
| of Georgia, JACQUELYN S. WALKER, | * | |
| JAMES LEBEN, SCOTT STEPHENS, | * | |
| OLLIE FREEMAN and DARLENE | * | |
| HORTON, Individually and as | * | |
| employees of the Department of | * | |
| Transportation for the State of | * | |
| Georgia, | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

TO:  **United States District Court**
     **Middle District of Georgia , Macon Division**
     **475 Mulberry Street, Suite 216**
     **Macon, Georgia 31202**


COME NOW the Defendants in the above-styled case, without

waiving service of process, and pursuant to 28 U.S.C. §§ 1441

and 1446, and within the time prescribed by law, file this

Notice of Removal.[1]  Defendants file this notice subject to and
without waiving any defenses or immunities available to the
Defendants under state and federal law.  Defendants respectfully
show the Court as follows:

1.

Plaintiff Scott Lewis has brought a civil action against
the Defendants named above in the Superior Court of Washington,
County, State of Georgia, said action being designated as Scott
Lewis v. Department of Transportation for the State of Georgia,
J. Tom Coleman, Jr., individually and in his official capacity
as Commissioner of the Deparment of Transportation for the State
of Georgia, Jacquelyn S. Walker, James Leben, Scott Stephens,
Ollie Freeman and Darlene Horton, Individually and as employees
of the Department of Transportation for the State of Georgia,
Civil Action File No.  02CV375.  Plaintiff's lawsuit is brought
pursuant to Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C.A §§ 2000e and 2000e-2; 42 U.S.C.A. § 1983,

---

[1] Defendants Jacquelyn S. Walker, James Leben, Scott Stephens,
Ollie Freeman and Darlene Horton have not been served with the
summons and Complaint and make an appearance here for the
purpose of removing the case from the Superior Court to the U.S.
District Court.

the Fifth and Fourteenth Amendments of the United States
Constitution; Art. 1, §1, Para. II of the Constitution of the
State of Georgia; O.C.G.A. § 51-1-16; and applicable state and
federal law.  In that action, Plaintiff is seeking damages and
other relief from Defendants based on his allegations that
Defendants unlawfully discriminated him, violated federal and
state law and his civil and Constitutional rights, and breached
a material contractual duty by refusing to promote Plaintiff to
the position of Highway Maintenance Forman, Area 3-Area Wide.

2.

Plaintiff's causes of action present federal questions over
which this Court has original subject matter jurisdiction under
the provision of 28 U.S.C. § 1331, and, accordingly, is one
which may be removed to this Court pursuant to the provisions of
28 U.S.C. §§ 1441(b), 1441(c) and 1443.  Defendants do not
intend to waive any defenses or immunities to which they may be
entitled.

3.

Defendants Department of Transportation for the State of
Georgia and J. Tom Coleman, Jr. each were each served on October
4, 2002, with the Summons, Complaint, Plaintiff's First
Interrogatories To Defendant Department Of Transportation For
The State Of Georgia, and Plaintiff's First Request For

3

Production Of Documents To Defendant Department Of
Transportation For The State Of Georgia through J. Tom Coleman.
Defendants attach hereto as Exhibits "A" through "E" a copy of
the sheriff's entries of service, summonses, Complaint,
Plaintiff's First Interrogatories To Defendant Department Of
Transportation For The State Of Georgia, and Plaintiff's First
Request For Production Of Documents To Defendant Department Of
Transportation For The State Of Georgia, respectively.

4.

Defendants attach hereto as "Exhibit "F" a true and
accurate copy of the Notice To Clerk Of Removal To Federal Court
to be filed in the Superior Court of Washington County, State of
Georgia.

5.

Exhibits "A" through "F" constitute all process, pleadings
and orders that have been served on or by Defendants in the
state court action.

6.

Defendants submit this removal action with the express
permission and consent of all Defendants to this action within
30 days of the service of the summons and Complaint upon
Defendants Department of Transportation for the State of Georgia
and J. Tom Coleman, Jr.  All Defendants consent to this notice

4

subject to and without waiving any defenses or immunities available to the Defendants under state or federal law.

WHEREFORE, Defendants move that this Notice of Removal be filed, that said action be removed to and proceed in the United States District Court for the Middle District of Georgia, so that no further proceedings may be had in said case in the Superior Court of Washington County, Georgia, unless and until this Court remands the case, or a portion thereof, to said court.

Respectfully submitted,

THURBERT E. BAKER        033887
Attorney General

DENNIS R. DUNN           234098
Deputy Attorney General

Bryan K. Webb (by Ame)
Bryan K. Webb                743580
Senior Assistant Attorney General

Attorneys for Defendants

Please serve:

Bryan K. Webb
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 656-3380
FAX (404) 657-9932

5

*Received @ 12-20 on 10/4/02 by K. Cameron*

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. _____

Date Filed _____

Attorney's address

**RECEIVED**

**OCT 4 2002**

**LEGAL SERVICES**

**SUPERIOR COURT**

**GEORGIA, FULTON COUNTY**

_____

_____ Plaintiff

**VS.**

Georgia Dept. of

**Transportation, et al.**

Defendant

Name and Address of Party to be Served

_____

_____

_____

_____

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy

of the within action and summons.

_____

I have this day served the defendant _____ by leaving a copy

of the action and summons at his most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows

**NOTORIOUS** ☐

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of the defendant.

**CORPORATION** ☒

Served the defendant _*GA. Dept. of Transportation*_ a corporation

by leaving a copy of the within action and summons with _*J. Tom Coleman*_

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____

not to be found in the jurisdiction of this court.

This _*4*_ day of _*Oct*_ 20_*02*_.

_*Cpl H Mathis 1323*_

**DEPUTY**

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT



EXHIBIT
**A**

Blumberg No. 5119

6009 – 201 - 1201

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 02 CV 375

Date Filed 5-15-02

Attorney's address

*Received @ 12:20 on 10/4/02*
*By Kim Cameron*

**RECEIVED**

**OCT  4 2002**

**LEGAL SERVICES**

SUPERIOR COURT
GEORGIA, FULTON COUNTY

Scott Lewis

_____ Plaintiff

**VS.**

Ga. Dept. of
Transportation, et al.
_____ Defendant

Name and Address of Party to be Served

J. Tom Coleman, Commissioner

No. 2 Capitol Square, Rm. 102

Atlanta, GA 30334-1002

**SHERIFF'S ENTRY OF SERVICE**

I have this day served the defendant_____personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a copy
of the action and summons at his most place notorious place of abode in this county.

Delivered same into hands of_____described as follows

age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of the
defendant.

Served the defendant_____a corporation

by leaving a copy of the within action and summons with_____

in charge of the office and place of doing business of said Corporation in this County.

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class
in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon
containing notice to the defendant(s) to answer said summons at the place stated in the summons.

Diligent search made and defendant _____

not to be found in the jurisdiction of this court.

This_____day of_____20____.

_____ 1323
**DEPUTY**

**PERSONAL** ☐

**NOTORIOUS** ☐

**TACK & MAIL   CORPORATION** ☐

**NON EST** ☐

SHERIFF DOCKET_____PAGE_____

**WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT**

6009 – 201 - 1201

## IN THE SUPERIOR COURT OF ~~DEKALB~~ WASHINGTON COUNTY
## STATE OF GEORGIA

SCOTT LEWIS

CIVIL ACTION # *02-CV-375*

_____

_____

**Plaintiff**

**VS**

*Second Original*

Department of Transportation

_____

For the Sttae of Georgia, et al.

_____

**Defendant**

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Leroy R. Johnson, Esq.
Promenade Park, Ste. 260
3915 Cascade Road, SW
Atlanta, GA 30331
(404) 691-1069

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This *18th* day of *September*, 19 *2002*.

~~JEANETTE RIOTTO~~
**Clerk of Superior Court**

By *Linda Jackson*
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.



EXHIBIT
**B**

## IN THE SUPERIOR COURT OF ~~DEKALB~~ WASHINGTON COUNTY
## STATE OF GEORGIA

SCOTT LEWIS
_____

_____

CIVIL ACTION # *O2-CU-325*

_____

**Plaintiff**

**VS**

Department of Transportation
_____

For the Sttae of Georgia, et al.
_____

*Second Original*

_____

**Defendant**

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Leroy R. Johnson, Esq.
Promenade Park, Ste. 260
3915 Cascade Road, SW
Atlanta, GA 30331
(404) 691-1069

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __*18th*__ day of __*September*__, ~~19~~*2002*.

~~JEANETTE ROZIER~~
Clerk of Superior Court

By _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

## IN THE SUPERIOR COURT OF WASHINGTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SCOTT LEWIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **CIVIL ACTION FILE NO.** |
| | * | O2-CV- 375 |
| | * | |
| DEPARTMENT OF TRANSPORTA- | * | |
| TION FOR THE STATE OF GEORGIA, | * | |
| J. TOM COLEMAN, JR., individually | * | |
| and in his official capacity as Commiss- | * | |
| ioner of the Department of Transporta- | * | |
| tion for the State of Georgia, | * | **SECOND ORIGINAL** |
| JACQUELYN S. WALKER, JAMES | * | |
| LEBEN, SCOTT STEPHENS, OLLIE | * | |
| FREEMAN and DARLENE HORTON, | * | |
| Individually and as employees of the | * | |
| Department of Transportation for | * | |
| the State of Georgia, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

**COMES NOW**, SCOTT LEWIS, Plaintiff in the above-styled matter and hereby

states his Complaint against the above-named Defendants as follows:

## JURISDICTION AND VENUE

### 1.

This is a civil action for discrimination based on race brought pursuant to Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e and 2000e-2; 42

U.S.C.A. § 1983; the Fifth and Fourteenth Amendments of the United State Constitution;

Art. 1, § 1, Para. II of the Constitution of the State of Georgia; O.G.G.A. § 51-1-6; and

applicable state and federal law.

EXHIBIT
C

WASHINGTON COUNTY, GEORGIA

Filed in office this ___ day of _____ , 20 __

_____

Deputy                    Clerk

**2.**

This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §§ 1331 and 1343(3) and (4); and venue is proper in this honorable Court because the conduct that is the subject of this case arose in this Judicial Circuit. <u>Collins v. DOT</u>, 208 Ga. App. 53, 429 S.E.2d 707 (1993); relying on <u>Yellow Freight System v. Donnelly</u>, 494 U.S. 820, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990); O.C.G.A § 32-2-5.

### PARTIES

**3.**

The Plaintiff, Scott Lewis, is an African American male who is a citizen of the United States and he resides in Wadley, Jefferson County, Georgia.

**4.**

Defendant, Department of Transportation for the State of Georgia (hereinafter, "DOT"), is an agency of the State of Georgia.  This Defendant may be served with the Summons and Complaint in this case by SECOND ORIGINAL by serving its chief executive officer, Commissioner J. Tom Coleman, Jr., at No. 2 Capitol Square, S. W., Room 102, Atlanta, Fulton County, Georgia 30334-1002.

**5.**

Defendant, J. Tom Coleman, Jr., is sued herein, individually, and in his capacity as Commissioner of the Department of Transportation for the State of Georgia.  This Defendant may be served by SECOND ORIGINAL with the Summons and Complaint in this case at No. 2 Capitol Square, S. W., Room 102, Atlanta, Fulton County, Georgia 30334-1002.

**24.**

Pursuant to O.C.G.A. § 45-19-20, and since an agency of the State of Georgia is involved in this matter, the Plaintiff's charge of discrimination in this case was referred to the Georgia Commission on Equal Opportunity.

**25.**

Thereafter, the EEOC issued to the Plaintiff a right-to-sue letter. A true and correct copy of this right-to-sue letter is attached hereto as Appendix II.

### COUNT I
### VIOLATION OF TITLE VII
### 42 U.S.C.A. § 2000e

**26.**

The Plaintiff incorporates herein by reference as if fully set forth herein Paragraphs 1 through 25, inclusive, of this Complaint.

**27.**

The Defendants herein unlawfully discriminated against the Plaintiff herein on the basis of race contrary to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. § 2000e, et seq.). Specifically, the Defendants refused to promote the Plaintiff to the position of Highway Maintenance Forman, Area 3-Area Wide on the basis of his race.

**28.**

As the direct and proximate cause of the Defendants' unlawful actions, the Plaintiff suffered significant economic loss and substantial emotional injury.

**29.**

The actions of the Defendants herein were willful, intentional, malicious, and conducted in bad faith entitling the Plaintiff to an award of punitive damages against the Defendants herein.

## COUNT II
## VIOLATION OF EQUAL PROTECTION
## 42 U.S.C.A. §

**30.**

The Plaintiff re-alleges Paragraphs 1 through 29, inclusive, of the Complaint herein and incorporates said paragraphs herein by reference as if fully set forth herein.

**31.**

At all times relevant to the Complaint in this case, the Defendants herein were acting under the color of state law.

**32.**

The Defendants' policy, practice, and/or action of refusing to promote the Plaintiff to the position of Highway Maintenance Forman, Area 3-Area Wide is not related to any legitimate government interest.

**33.**

At all times relevant to the Complaint in this case, DOT, has adopted a formal or informal policy, that is, a rule, ordinance, regulation, custom, pattern or practice, which gave rise to the violation of the Plaintiff's civil rights in this case.

**34.**

As the direct and proximate cause of the Defendants' unlawful actions, the Plaintiff suffered significant economic loss and substantial emotional injury.

**35.**

The actions of the Defendants herein were willful, intentional, malicious, and conducted in bad faith entitling the Plaintiff to an award of punitive damages against the Defendants herein.

<u>**COUNT III**</u>
<u>**VIOLATION OF DUE PROCESS**</u>

**36.**

The Plaintiff re-alleges Paragraphs 1 through 35, inclusive, of the Complaint herein and incorporates said paragraphs herein by reference as if fully set forth herein.

**37.**

At all times relevant to the Complaint in this case, the Defendants herein were acting under the color of state law.

**38.**

The Defendants' refusal to promote the Plaintiff to the subject position in this case was capricious and arbitrary and directly impinged upon the fundamental rights that are guaranteed to the Plaintiff herein by the Constitution of the United States.

**39.**

As the direct and proximate cause of the Defendants' unlawful actions, the Plaintiff suffered significant economic loss and substantial emotional injury.

**40.**

The actions of the Defendants herein were willful, intentional, malicious, and conducted in bad faith entitling the Plaintiff to an award of punitive damages against the Defendants herein.

## COUNT IV
## VIOLATION OF EQUAL PROTECTION
## CONSTITUTION OF THE STATE OF GEORGIA

### 41.

The Plaintiff re-alleges Paragraphs 1 through 40, inclusive, of the Complaint herein and incorporates said paragraphs herein by reference as if fully set forth herein.

### 42.

The Defendants' policy, practice, and /or action of refusing to promote the Plaintiff to the position of Highway Maintenance Forman, Area 3-Area Wide is not related to any legitimate government interest.

### 43.

At all times relevant to the Complaint in this case, DOT, has adopted a formal or informal policy, that is, a rule, ordnance, regulation, custom, pattern or practice, which gave rise to the violation of the Plaintiff's civil rights in this case.

### 45.

As the direct and proximate cause of the Defendants' unlawful actions, the Plaintiff suffered significant economic loss and substantial emotional injury.

### 46.

The actions of the Defendants herein were willful, intentional, malicious, and conducted in bad faith entitling the Plaintiff to an award of punitive damages against the Defendants herein.

### 47.

The Plaintiff is entitled to declaratory and injunctive relief, back pay, front pay, and damages to be set by the enlightened conscience of a jury.

## COUNT V
## BREACH OF CONTRACT
## O.C.G.A. § 51-1-6

**48.**

The Plaintiff re-alleges Paragraphs 1 through 47, inclusive, of the Complaint herein and incorporates said paragraphs herein by reference as if fully set forth herein.

**49.**

The Defendants' refusal to promote the Plaintiff to the subject position violates both federal and state law.

**50.**

The Defendants violation of law  constitute the breach of a material contractual duty between the Plaintiff's herein and the said Defendants as the same is contemplated by O.C.G.A. § 51-1-6.

**51.**

As a direct and proximate cause of the Defendants' material breach of duty, the Plaintiff suffered a loss of income, emotional pain and suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life.

**52.**

The Defendants herein acted with malice and reckless disregard for the Plaintiff's rights under federal and Georgia law.  Furthermore, the unlawful actions of the Defendants herein were both intentional and in bad faith.

WHEREFORE, the Plaintiff prays that he have judgment against the Defendants herein as follows:

1. Declarative judgment that the practices complained of herein violate the United States Constitution, including, but not limited to, the Fifth and Fourteenth Amendments; 42 U.S.C.A. § 1983; Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C.A. § 2000e, et seq.; the Georgia Constitution, including, but not limited to, Art. 1, § 1, Para. II; O.C.G.A. § 51-1-6; and applicable state and federal law;

2. Back and front pay in amounts to be proven at trial to compensate Plaintiff for loss of income and benefits caused by the unlawful termination;

3. Compensatory damages for other financial losses and expenses, emotional pain and suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment, suffered by Plaintiff in an amount determined by the enlightened conscience of impartial jurors;

4. Costs of suit incurred in this action, including attorneys fees;

5. Trial by Jury; and

6. Such other and further relief as this honorable Court deems reasonable, proper and necessary under the circumstances of this case.

Respectfully submitted,

Leroy R. Johnson
State Bar No. 394950
Attorney for Plaintiff

Leroy R. Johnson, P. C.
Promenade Park, Suite 260
3915 Cascade Road, SW
Atlanta, GA 30331
(404) 691-1069

## IN THE SUPERIOR COURT OF WASHINGTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SCOTT LEWIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **CIVIL ACTION FILE NO.** |
| | * | _O2-CV-375_ |
| | * | |
| DEPARTMENT OF TRANSPORTA- | * | |
| TION FOR THE STATE OF GEORGIA, | * | |
| J. TOM COLEMAN, JR., individually | * | |
| and in his official capacity as Commiss- | * | |
| ioner of the Department of Transporta- | * | |
| tion for the State of Georgia, | * | |
| JACQUELYN S. WALKER, JAMES | * | |
| LEBEN, SCOTT STEPHENS, OLLIE | * | |
| FREEMAN and DARLENE HORTON, | * | |
| Individually and as employees of the | * | |
| Department of Transportation for | * | |
| the State of Georgia, | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### DEPARTMENT OF TRANSPORTATION FOR THE STATE OF GEORGIA

COMES NOW, SCOTT LEWIS, Defendant in the above-styled civil action, and, pursuant to O.C.G.A. § 9-11-33, serves this its First Interrogatories to Defendant Department of Transportation for the State of Georgia. Defendant Department of Transportation for the State of Georgia is required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath, and to serve a copy of said answers upon counsel for this Defendant within forty-five (45) days after service of these Interrogatories.

NOTE A:  This Defendant "shall furnish such information as is available to the party." *See* O.C.G.A. § 9-11-33(a).



EXHIBIT
D
Blumberg No. 5119

NOTE B:  These Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

## DEFINITIONS

A.      The name "Defendant" and the terms "you and "your" shall refer to and include Defendant Department of Transportation for the State of Georgia and any person, agent, representative acting or purporting to act on behalf of the said Defendant with respect to any matter related to the present lawsuit.

B.      "Identify," "state the identity of," or "set forth":

(1)      When used in reference to a natural person means:  that person's full name, Social Security number, present or last known business and residence address, present or last known business and residence telephone number, present or last known occupation, employer, and position and that person's occupation or position during the time relevant to the particular interrogatory.

(2)      When used in reference to an entity means:  its full and complete name, its type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.), the location of its principal place of business, its mailing address, and its telephone number.

(3)      When used in reference to a document means:  a description of the type of document, the identity of the person or persons who authored, prepared, signed and received the document, the date, title and general description of the subject matter of the document, present location or custodian of the original and each copy of the document, the identity of any persons who can identify the document, and if a privilege is claimed, the specific basis for such claim, in addition to the information set forth above.

(4)     When used in reference to medical treatment means:  a description of the type of illness or injury suffered, the names of the persons or entities involved with treatment, the circumstances surrounding each accident, injury, or illness, the nature and extent of each injury or illness, and the name and address of all persons who treated for said illness.

(5)     When used in reference to your contentions or what you contend means: to state your contention, the facts you base your contention upon, what you contend should have been done which was not done, and identify each person or entity who has knowledge of each fact upon which you base your contentions.

(6)     When used in reference to an illness or injury means: a description of the illness or injury including its medical name, the duration and dates of said injury or illness, the treatment given, the name and address of any health care provider or hospital (including physicians, nurses, physical therapists, psychologists and psychiatrists) which rendered treatment for said injury or illness and any disability remaining from said illness or injury.

(7)     When used in reference to "legal action" means the title or style of the legal action, the docket number and jurisdiction in which each legal action is or was pending, the date each action was filed and the type of action (i.e., contract, tort).

C.     "Document", whether singular or plural, means any written, printed, typed, recorded or other graphic material of any kind or nature in the possession of the plaintiff, including but not limited to letters, correspondence, electronic mail (e-mail), telegrams, teletypes, invoices, orders, memoranda, records, financial statements, financial records, check stubs, canceled checks, check registers, bank statements, minutes, memoranda of person or telephone conversations or conferences, log books, diaries, appointment books, desk calendars, desk maps, drawings, graphs, charts, inspections, reports, notes, photographs, photo records, sound records (including taped conversations) or transcripts thereof, computer runs or printouts and any codes necessary to comprehend such runs or printouts, computer tapes, intra- or interoffice communications, microfilm, microfiche, bulletins, studies, summaries, analyses, notices, books, pamphlets, lists, brochures, periodicals, indexes, blueprints, diagrams, reports, studies, plans, opinions, maps, specifications, articles, press statements, audio or electronic data processing cards or tapes and discs, movies, videotapes or transcripts thereof, recordings on tape or other media or transcripts, agreements, post agreements, proposals, contracts, journals, work notes, research reports, statistics, statistical records, prospectuses, offers, affidavits, and any other tangible item of any nature however produced or reproduced, and any other data compilations from which information can be obtained or translated, if necessary, into reasonably usable form. "Documents" also means the original or a copy of the original, if no original exists, and any drafts, and includes every copy of the original bearing any mark not on the original.  The term "documents" is employed to its most comprehensive sense.  The word "or" shall be construed either conjunctively or disjunctively or both conjunctively and disjunctively so as to make the greatest number of documents responsive to any request.  Copies of documents

supplied in response hereto must be fully legible and complete with no portions deleted during copying.

## **INTERROGATORIES**

1.

Identify each and every person who assisted in the preparation of the responses to these interrogatories.

2.

Please identify the county of residence and complete residential addresses for Defendants Jacquelyn S. Walker, James Leben, Scott Stephens, Ollie Freeman and Darlene Horton.

3.

Please identify all persons who to you or your representatives' knowledge, information or belief:

(a)     were eyewitnesses to this occurrence;

(b)     have any knowledge or information concerning the occurrence, any issue of liability in this lawsuit, and/or the damages you claim in connection with this lawsuit, who were not previously identified in subpart (a) above.

4.

With regard to the individuals identified in response to Interrogatory 3 above, please fully describe your understanding of the knowledge or information possessed by each.

5.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with information relevant to this lawsuit, please identify:

(a)     each person giving the statement;

(b)     each person taking the statement;

(c)     the date each statement was taken; and

(d)     all persons having possession, custody or control of each statement.

6.

Please identify all persons who to your knowledge, information or belief have investigated any aspect of this occurrence, and indicate whether or not each has made a written record of the investigation or any part thereof.

7.

Please identify all photographs, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, including but not limited to, the parking curb involved in the occurrence, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

8.

Please identify each expert of every type expected to testify at trial, and state:

(a)     the subject matter about which the expert is expected to testify,

(b)     the substance of the facts and opinions to which the expert is expected to testify, and

(c)     give a summary of the grounds for each opinion.

-6-

*See* O.C.G.A. § 9-11-26(b)(4)(A)(i).   Please note that this interrogatory applies to all expert witnesses of every kind.   The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

Respectfully submitted,

Leroy R. Johnson
State Bar No. 394950
Attorney for Plaintiff

Leroy R. Johnson, P. C.
Promenade Park, Suite 260
3915 Cascade Road, SW
Atlanta, GA 30331
(404)691-1069

# IN THE SUPERIOR COURT OF WASHINGTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SCOTT LEWIS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION FILE NO.** |
| | * | $O2-CV-37S$ |
| | * | |
| **DEPARTMENT OF TRANSPORTA-** | * | |
| **TION FOR THE STATE OF GEORGIA,** | * | |
| **J. TOM COLEMAN, JR., individually** | * | |
| **and in his official capacity as Commiss-** | * | |
| **ioner of the Department of Transporta-** | * | |
| **tion for the State of Georgia,** | * | |
| **JACQUELYN S. WALKER, JAMES** | * | |
| **LEBEN, SCOTT STEPHENS, OLLIE** | * | |
| **FREEMAN and DARLENE HORTON,** | * | |
| **Individually and as employees of the** | * | |
| **Department of Transportation for** | * | |
| **The State of Georgia** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION FO DOCUMENTS TO DEFENDANT DEPARTMENT OF TRANSPORTATION FOR THE STATE OF GEORGIA

COMES NOW, SCOTT LEWIS, Plaintiff in the above-styled civil action, and, pursuant to O.C.G.A. § 9-11-34, requires Defendant Department of Transportation for the State of Georgia to comply with said Rule by producing and permitting Defendant's attorney to inspect and copy each of the following documents:

## DEFINITIONS

"Document" means all writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and



EXHIBIT
**E**

description that is in your possession or control – including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, tests, reports, publications, computer records, e-mail, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Occurrence" means the incident of June 19,1999 that gives rise to this lawsuit.

## REQUESTS

That this Defendant produce and permit Plaintiff to inspect and copy, test, or sample each of the following documents and things:

1.

All photos, x-rays, videotapes, diagrams, plats and other documents illustrating persons, places, products and tangible things concerning this occurrence, or that are relevant to the subject matter involved in this lawsuit.

2.

All documents concerning any investigation of this occurrence by government bodies (e.g., EEOC, etc.) unions, employers or other organizations, including but not limited to any party to this lawsuit.

3.

All statements (written, recorded, etc.) from any present or former employee or associate of any party to this lawsuit, or any witness to the incident concerning this occurrence or relevant to the subject matter involved in this lawsuit.

4.

All statements (written, recorded, etc.) from other persons concerning this occurrence or relevant to the subject matter involved in this lawsuit.

5.

All statements (including without limitation transcripts of testimony) from any other present or former employee or associate of any party to this lawsuit, or any other witness to the incident concerning this occurrence, and from any other lawsuit, hearing or proceeding, which you contend are relevant to any issue in this lawsuit.

6.

The personnel files of the Plaintiff, Robbie Moss, John W. Howard,  and William T. Stevens

7.

All documents concerning compensation, indemnity, insurance, wage loss replacement, income replacement, disability benefits, or payments available to the Plaintiff from all government or private sources, and all materials, group medical booklets, manuals, etc., concerning the cost of providing and the extent of such available benefits or payments.

8.

All documents and tangible things which constitute evidence reasonably relied upon by each expert that may testify at trial which supports your contentions regarding liability and damages.

9.

A current CV and all statements for services rendered by each expert retained to testify at the trial of this case.

10.

All documents constituting evidence relied upon to demonstrate and support facts relevant to this litigation.  *See E.H. Siler Realty & Business Broker, Inc. v. Sanderlin*, 158 Ga. App. 796(2), 282 S.E.2d 381 (1981).

11.

All documents that contain information, whether or not hearsay, as to the cause or nature of this occurrence that have not already been produced.

12.

All documents identified, referenced or set forth in your response to Plaintiff's First Interrogatories that have not already been produced.

Respectfully submitted,

Leroy R. Johnson
State Bar No. 394950
Attorney for Plaintiff

Leroy R. Johnson, P. C.
Promenade Park, Suite 260
3915 Cascade Road, SW
Atlanta, GA 30331
(404)691-1069

IN THE SUPERIOR COURT OF WASHINGTON COUNTY
STATE OF GEORGIA

SCOTT LEWIS,                          *
                                      *
        Plaintiff,                    *
                                      *
Vs.                                   *     Civil Action File No.
                                      *
DEPARTMENT OF TRANSPORTATION          *        02CV375
FOR THE STATE OF GEORGIA, J.TOM       *
COLEMAN, JR., individually and        *
in his official capacity as           *
Commissioner of the Department        *
of Transportation for the State       *
of Georgia, JACQUELYN S. WALKER,      *
JAMES LEBEN, SCOTT STEPHENS,          *
OLLIE FREEMAN and DARLENE             *
HORTON, Individually and as           *
employees of the Department of        *
Transportation for the State of       *
Georgia,                              *
                                      *
        Defendants.                   *


NOTICE TO CLERK OF REMOVAL TO FEDERAL COURT

TO:  Joy Conner, Clerk
     Superior Court of Washington County
     Courthouse Square
     Sandersville, Georgia 31082

        COME NOW the Defendants in the above-styled case, without

waiving service of process, specially appearing and without

waiving any defenses or immunities, and jointly file herewith

their Notice of Removal of this case to the United States

District Court for the Middle District of Georgia pursuant to

the provisions of U.S.C. § 1446(d).  A copy of the Notice Of



EXHIBIT
F

Removal filed in the United States District Court for the Middle District of Georgia, Macon Division is attached hereto as Exhibit "A."

The Clerk of the Superior Court of Washington County, Georgia shall proceed no further in this action unless and until the case is remanded by the United States District Court.

This ____ day of October, 2002.

Respectfully submitted,

THURBERT E. BAKER          033887
Attorney General

DENNIS R. DUNN             234098
Deputy Attorney General


BRYAN K. WEBB              743580
Senior Assistant Attorney General


Attorneys for Defendants



Please serve:

BRYAN K. WEBB
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 656-3380
FAX (404) 657-9932

2

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **NOTICE TO CLERK OF REMOVAL TO FEDERAL COURT**, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed to the following:

> Leroy R. Johnson
> Promenade Park, Suite 260
> 3915 Cascade Road, S.W.
> Atlanta, Georgia 30331

This _____ day of October, 2002.


_____
Annette M. Cowart 191199

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **NOTICE OF REMOVAL**, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed to the following:

> Leroy R. Johnson
> Promenade Park, Suite 260
> 3915 Cascade Road, S.W.
> Atlanta, Georgia 30331

This _30th_ day of October, 2002.

_____
Annette M. Cowart    191199

**6.**

Defendant, Jacquelyn S. Walker, is sued herein, individually, and in her capacity as Personnel Representative-Maintenance for the Department of Transportation for the State of Georgia. At all times relevant to the Complaint in this case, this Defendant was an employee of DOT.  This Defendant may be served with the Summons and Complaint in this case by Second Original at 801 Fourth Street, Tennille, Washington County, Georgia.

**7.**

Defendant, James Leben, is sued herein, individually, and in his capacity as an employee of the Department of Transportation for the State of Georgia. At all times relevant to the Complaint in this case, this Defendant was an employee of DOT.  This Defendant may be served with the Summons and Complaint in this case by Second Original at 801 Fourth Street, Tennille, Washington County, Georgia.

**8.**

Defendant, Scott Stephens, is sued herein, individually, and in his capacity as an employee of the Department of Transportation for the State of Georgia. At all times relevant to the Complaint in this case, this Defendant was an employee of DOT.  This Defendant may be served with the Summons and Complaint in this case by Second Original at 801 Fourth Street, Tennille, Washington County, Georgia.

**9.**

Defendant, Ollie Freeman, is sued herein, individually, and in his capacity as an employee of the Department of Transportation for the State of Georgia. At all times relevant to the Complaint in this case, this Defendant was an employee of DOT.  This

Defendant may be served with the Summons and Complaint in this case by Second Original at 801 Fourth Street, Tennille, Washington County, Georgia.

**10.**

Defendant, Darlene Horton, is sued herein, individually, and in her capacity as an employee of the Department of Transportation for the State of Georgia. At all times relevant to the Complaint in this case, this Defendant was an employee of DOT. This Defendant may be served with the Summons and Complaint in this case by Second Original at 801 Fourth Street, Tennille, Washington County, Georgia.

**FACTUAL ALLEGATIONS**

**11.**

The Plaintiff has been employed by DOT for over 22 years having been first employed by this Defendant on or about March 17, 1979.

**12.**

During the course of the Plaintiff's employment with DOT, the Plaintiff has served successfully in the positions of: maintenance worker for approximately two (2) years; Operator I for a period of approximately three (3) years; Operator II for a period of approximately four (4) years; and Maintenance Equipment Operator/Assistant Foreman for approximately thirteen (13) years.

**13.**

For the last thirteen (13) years, the Plaintiff has served as *de facto* Highway Maintenance Foreman on behalf of DOT, the same position that is the subject of this case.

4

**14.**

On or about August 31, 2001, DOT distributed, through Interdepartment Correspondence, Circular Letter No. 01-JDM-15 regarding vacancies within DOT, including the position of Highway Maintenance Forman, Area 3-Area Wide. Furthermore, this circular required that all applications for this position be submitted by September 17, 2001.   A true and correct copy of this circular is attached hereto as Appendix 1.

**15.**

The qualifications for this position were set out in an additional document, a true and correct copy of which is attached hereto as Appendix II.

**16.**

The Plaintiff met each of the minimum qualifications for the position of Highway Maintenance Forman, Area 3-Area Wide and he, therefore, timely submitted his application to DOT for the subject position.

**17.**

The examination process for the subject position consisted of the timely filing of an application and an oral interview.

**18.**

DOT determined that four (4) persons who applied for the subject position qualified to sit for an oral examination, to wit: the Plaintiff, Robbie Moss, an African American female, John W. Howard, an African American male, and William T. Stevens, a white male.

**19.**

On October 3, 2001, the Plaintiff was interviewed for the subject DOT position by Defendants Walker, Leben, Stephens, Freeman and Horton.

**20.**

At all times relevant to the Complaint in this case, each of the Defendants herein knew, or should have known, that neither the requirement of computer experience nor experience with the Highway Maintenance Management System were not a legitimate criteria for the performance of the subject position.

**21.**

Nevertheless, through the highly subjective interview process, the Defendants herein disqualified each of the African American applicants for the subject position on the basis that such applicants did not have competence in the use of computer skills and/or such applicants were lacking in experience with the Highway Maintenance Management System.

**22.**

The result of the Defendants' highly subjective interview process resulted in the Defendants' selection of William T. Stevens, the only white person among the applicants in this selection process, to fill the position that is the subject of this Complaint.

**23.**

Thereafter, the Plaintiff timely filed a charge of unlawful discrimination regarding this matter with the United States Equal Employment Opportunity Commission (herein after, "EEOC").